UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DANIEL SALVETTI,
    *Plaintiff*,

v.

UNITED PARCEL SERVICE, INC.,
    *Defendant.*

No. 1:24-cv-01857-MSN-LRV

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant United Parcel Service, Inc.'s Motion to Dismiss (ECF 3), Plaintiff Daniel L. Salvetti's Motion to Amend (ECF 7), Plaintiff's Motion to Remand (ECF 8), Plaintiff's Motion to Proceed In Forma Pauperis (ECF 9), Plaintiff's Motion to Sanction Defendant (ECF 12), Plaintiff's Second Motion to Remand (ECF 25), and Plaintiff's Motion to Compel Affidavits (ECF 26). For the following reasons, the Court will GRANT IN PART and DENY IN PART Plaintiff's Motion to Amend, GRANT his Motion to Proceed In Forma Pauperis, DENY his other motions, and DENY Defendant's Motion to Dismiss as moot.

**I.    BACKGROUND**

Plaintiff filed his original Complaint in the Circuit Court of Fairfax County on August 26, 2024, raising qui tam claims against Defendant under the Virginia Fraud Against Taxpayers Act ("VFATA"). *See* ECF 1-1 at 2. Plaintiff served Defendant with his Complaint on October 1, 2024, ECF 1-2, and Defendant timely removed on October 21, 2024, ECF 1.

Defendant moved to dismiss Plaintiff's claim under Fed. R. Civ. P. 12 on October 28, 2024. ECF 3. On October 31, Plaintiff moved to amend his Complaint and to remand the case to Virginia

court. ECF 7; ECF 8. Plaintiff has since filed further motions seeking to sanction Defendant, remand his case, and compel discovery. ECF 12; ECF 25; ECF 26.

## II.   ANALYSIS

### A.   Plaintiff's Motion to Amend.

On October 31, 2024, Plaintiff moved to amend his Complaint, seeking to "add specific facts, clarify existing claims, and include additional defendants . . . who were directly involved in the retaliatory actions against Plaintiff leading to his wrongful termination." ECF 7 at 1. He attached a proposed amended Complaint. ECF 7-1.

In response, Defendant argues that this Court should deny leave to amend insofar as it attempts to add additional defendants that would destroy diversity jurisdiction. ECF 13 at 1-2. Defendant notes that under 28 U.S.C. § 1447(e), this Court may "deny joinder" of "additional defendants whose joinder would destroy subject matter jurisdiction" after a case is removed.

In considering whether to deny joinder of additional defendants, the Court may exercise its discretion upon consideration of "all relevant factors, including: 'the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" *Mayes v. Rapoport*, 198 F.3d 457, 462-463 (4th Cir. 1999) (quoting *Gum v. General Elec. Co.*, 5 F. Supp. 2d 412, 414 (S.D. W. Va. 1998)).

Here, Defendant claims that Plaintiff's attempted joinder of additional defendants is simply an effort to destroy diversity jurisdiction, arguing that the proposed individual defendants "cannot be held personally liable for any of the claims" asserted. ECF 13 at 3. This Court agrees to an extent, as some of Plaintiff's claims against individual defendants are plainly foreclosed by law, and the rest are so conclusory that this Court cannot credit them as a good faith attempt to state a claim. Starting with Count II in which Plaintiff alleges violations of 28 U.S.C. § 3170(h), a section

2

of code that does not "provide for individual liability." *Brach v. Conflict Kinetics Corp.*, 221 F. Supp. 3d 743, 750 (E.D. Va. 2016). Further, insofar as Plaintiff's VFATA claim hinges on retaliation, the same conclusion is warranted, as VFATA is generally construed in accordance with the False Claims Act. *See Lewis v. City of Alexandria*, 287 Va. 474, 479 n.4 (2014). And Va. Code § 40.1-27.3, which forms the basis of Count IV, applies only to "[a]n employer."

On the other hand, Plaintiff's claims involving misrepresentation of compliance with COVID-19 requirements under federal and state law could result in individual liability. But the facts pled are too threadbare to indicate any potential for individual liability. These pleading deficiencies, in conjunction with the fact that Plaintiff only brought his claims against individuals after his case was removed, strongly indicate that his true motivation was to defeat federal jurisdiction. *See Mayes*, 198 F.3d at 462-463. Allowing Plaintiff to join those defendants would therefore prejudice Defendant's right to removal when this Court's diversity jurisdiction is implicated.

By contrast, the risk of prejudice to the Plaintiff if joinder is not allowed is slim. *See id.* Because the majority of his claims simply cannot apply to individual defendants, there is no injury there. As for those claims that might apply, if—contrary to all appearances—he has a viable claim, he may bring it against those individual defendants in state court.

For these reasons, the Court will grant Plaintiff's Motion to Amend as of right under Fed. R. Civ. P. 15(a), but will deny it in part in an exercise of its jurisdiction under 28 U.S.C. § 1447(e), denying joinder of individual defendants.

**B.     Plaintiff's Motion to Remand.**

In his Motion to Remand, Plaintiff argues that this Court lacks jurisdiction over his case as amended, as his claim arises under Virginia law, and diversity jurisdiction is lacking because the Amended Complaint names individual defendants who are residents of Virginia. ECF 8 at 1-2.

3

The Court has denied joinder of additional individual defendants, *see supra* § II, and Defendant United Parcel Service is diverse from Plaintiff. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332(a)(i) if the amount in controversy exceeds $75,000. In its Notice of Removal, Defendant demonstrated to the Court's satisfaction that damages, which would be based on Plaintiff's annual income, easily exceed the $75,000 threshold. ECF 1 at 2-3. Plaintiff has not denied this in seeking to remand. In addition, Plaintiff has explicitly invoked federal law claims in his Amended Complaint, ECF 7-1 at 2-3, so there is no question that this Court also has jurisdiction under 28 U.S.C. § 1331. For these reasons the Court will deny Plaintiff's Motion to Remand.[1]

### C. Motion for Leave to Proceed In Forma Pauperis.

Plaintiff has moved to proceed in forma pauperis, ECF 9, and noted that a similar request in Virginia court was granted, ECF 9-1. Upon review of Plaintiff's motion and affidavit detailing his income, expense, and assets, the Court will grant his motion.

### D. Motion for Sanctions.

Plaintiff on November 11, 2024, filed a Motion to Sanction Defendant on the ground that Defendant sought to remove this case in part on federal question jurisdiction, but in its motion to dismiss claimed that Plaintiff's claims lacked merit under federal law. ECF 12 at 3. He claims this "inconsistency signals a lack of good faith" in violation of Fed. R. Civ. P. 11(b). *Id.* Because "whether [Plaintiff] has invoked federal law" and "the merits of [his] claims" are separate issues, ECF 18, the Court will deny the motion for sanctions.[2]

---

[1] Plaintiff's second, duplicative Motion to Remand, which requests severance of state-law claims, ECF 25, will be denied as well. Because this Court has diversity jurisdiction, it is irrelevant whether Plaintiff's claims arise under state or federal law.

[2] Plaintiff also in his Motion to Sanction Defendant argued that this Court should appoint counsel. If Plaintiff wishes to request the appointment of counsel, he should file a separate motion requesting that relief and arguing why this is a "meritorious case[] involving particularly complex factual or legal issues or where a litigant is unable to represent [himself] adequately." *Ferrer v. Garasimowicz*, 2013 WL 5428110, at *1 (E.D. Va. Sept. 27, 2013).

### E. Motion to Compel Affidavits.

Plaintiff has further filed a Motion to Compel "affidavits addressing specific factual matters" in order to "clarify disputed facts" and "establish the scope of Defendant's actions. ECF 26 at 1. He cites Federal Rules 26 and 56(d) in support of this Motion. ECF 26 at 6-7. However, these Rules do not support the sort of discovery Plaintiff is seeking at this early stage in the litigation. The disclosure required by Fed. R. Civ. P. 26 arises only *after* a Rule 26(f) conference, which has not yet occurred in this case. And Fed. R. Civ. P. 56(d) provides an opportunity to obtain affidavits when a motion for summary judgment is made, another scenario not applicable here. The Court will therefore deny Plaintiff's Motion to Compel Affidavits.

### III.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Amend (ECF 7) is **GRANTED IN PART** and **DENIED IN PART** such that Plaintiff may amend his Complaint but not join additional individual defendants; and it is further

**ORDERED** that Defendant's Motion to Dismiss (ECF 3) is **DENIED** as moot; and it is further

**ORDERED** that Plaintiff's Motions to Remand (ECF 8; ECF 25) are **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (ECF 9) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Motion to Compel Affidavits (ECF 26) is **DENIED.**

**SO ORDERED.**

/s/
_____
Michael S. Nachmanoff
United States District Judge

December, 10, 2024
Alexandria, Virginia