UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DANIEL SALVETTI,<br>      *Plaintiff,*<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br>      *Defendant.* | No. 1:24-cv-01857-MSN-LRV |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant United Parcel Service, Inc.'s Motion to Strike, or in the alternative to dismiss Plaintiff's Amended Complaint (ECF 44), and Plaintiff's Motion for an Extension of Time to File an Amended Complaint (ECF 53). For the foregoing reasons, Defendants' Motion will be granted and Plaintiff's will be denied as moot.

**I.     BACKGROUND**

Plaintiff filed his original Complaint in the Circuit Court of Fairfax County on August 26, 2024, raising qui tam claims against Defendant under the Virginia Fraud Against Taxpayers Act ("VFATA"). *See* ECF 1-1 at 2. Plaintiff served Defendant with his Complaint on October 1, 2024, ECF 1-2, and Defendant timely removed on October 21, 2024, ECF 1. Defendant moved to dismiss Plaintiff's claim under Fed. R. Civ. P. 12 on October 28, 2024. ECF 3. On October 31, Plaintiff moved to amend his Complaint and to remand the case to Virginia court. ECF 7; ECF 8. Plaintiff later filed further motions seeking to sanction Defendant, remand his case, and compel discovery. ECF 12; ECF 25; ECF 26. Plaintiff also made various other filings in the form of "notices." ECF 22, ECF 24.

The Court disposed of many of these motions on December 10, 2024. ECF 39. As relevant here, the Court granted in part and denied in part Plaintiff's motion to amend his complaint, noting that given its timing he could amend as of right, but denying his effort to join additional defendants. *Id*. Then, to comply with a later Order of this Court, Plaintiff filed another amended complaint. ECF 43 (Am. Compl).

Plaintiff's Amended Complaint asserts three counts. First, he claims that after he took leave under the FMLA in 2023, Defendant illegally retaliated by altering his timecards, removing personal days, harassing him upon his return and terminating him shortly after his return. Am. Compl. at 3-4. Second, Plaintiff claims that Defendant violated Virginia law by denying him benefits and eventually terminating him in August, 2023 after he reported unspecified COVID-19 safety violations to Virginia Occupational Safety and Health ("VOSH") in 2021. *Id.* at 2, 4 (citing Va. Code §§ 40.1-27.3, 40.1-51.2:1, 40.1-51.2:2). Finally, Plaintiff brings a claim for wrongful termination in violation of public policy on the ground that Defendant terminated him in retaliation for "whistleblowing and exercising statutory rights." *Id.* at 4.

Defendant then moved to strike or dismiss Plaintiff's Amended Complaint, arguing that it was filed out of time and fails to state a claim upon which relief can be granted. ECF 44; ECF 45. That motion is now fully briefed and ripe for the Court's decision.

II.   **ANALYSIS**

   A.   **Motion to Strike**

Defendant moves to strike Plaintiff's Amended Complaint, noting both that it was filed after the time the Court allowed and that Plaintiff included claims not mentioned in his proposed amended complaint or motion for leave to amend. ECF 45 at 3-5 (citing ECF 7-1). The Court will grant relief on the latter ground. Plaintiff filed his motion for leave to file an amended complaint and proposed amended complaint three days after Defendant filed its first motion to dismiss, thus

falling within the window for amendment as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). That proposed amended complaint included causes of action under the False Claims Act, Retaliation in Violation of 31 U.S.C. § 3730(h), Violation of the Virginia Fraud Against Taxpayers Act, and Violation of Virginia Whistleblower Laws. ECF 7-1 at 2-3.[1]

The Court did not grant Plaintiff's motion for leave to amend in full because of his effort to add additional named defendants, so it directed him to file another amended complaint. *See* ECF 39, ECF 40. But Plaintiff's Amended Complaint contains claims or causes of action that were not present in Plaintiff's original Complaint or his proposed amendment. *See* ECF 43, ECF 1, ECF 7-1. In particular, Count I and Count III (for violation of the FMLA and for termination in violation of public policy) were not approved by the Court when it granted his motion to amend. Because these claims exceed the scope of the relief granted in this Court's Order allowing for leave to amend, they shall be struck. *See Silver v. Bayer HealthCare Pharms., Inc.*, 2022 WL 2829884, at *1 (D.S.C. Feb. 23, 2022) ("Plaintiff added numerous claims in her Amended Complaint . . . that were not part of her initial Complaint, nor otherwise approved by the Court to be included with the Amended Complaint."); *Michlik-Bahr v. School Bd. of City of Newport News*, 2019 WL 13297109, at *3 (E.D. Va. Jan. 15, 2019); *Wright v. Sutton*, 2017 WL 2873049, at *4 (S.D.W.V. July 5, 2017) (collecting cases).

### B.   Motion to Dismiss

This leaves only Plaintiff's Count II, for violation of Virginia's whistleblower protection laws. Plaintiff claims that "[i]n 2021, [he] reported violations of COVID-19 safety protocols . . . to [VOSH]." ECF 43 at 2. After he did so, he was subjected to "[u]nwarranted disciplinary

---

[1] After the time during which Plaintiff could move to amend as of right expired, Plaintiff filed a "Notice of Correction of Amended Complaint." ECF 24. The Court did not incorporate this late-in-the-day "notice" into its consideration of Plaintiff's motion.

3

measures," "[d]enial of a seasonal helper," and "[r]emoval from his leadership role." *Id.* He was then terminated on August 17, 2023. *Id.* at 2, 4.

Plaintiff alleges violation of two Virginia laws. First, he references Va. Code § 40.1-27.3, the Virginia Whistleblower Protection Act ("VWPA"), which renders it a violation to take retaliatory action when an employee "in good faith reports a violation of any state or federal law or regulation." A person alleging a violation of the VWPA "may bring a civil action in a court of competent jurisdiction within one year of the employer's prohibited retaliatory action." *Id.* § 40.1-27.3(C). Somewhat similarly, the Virginia Occupational Safety and Health Act, prohibits "discharge" or "discrimina[tion] against an employee because the employee has filed a safety or health complaint." *Id.* § 40.1-51.2:1. The Act provides that a person claiming discrimination may, within sixty days, file a complaint with VOSH "within 60 days after such violation occurs." *Id.* § 40.1-51.2:2. If the Commissioner of VOSH does not issue a charge, "the employee may bring an action in a circuit court." *Id.*

Defendant first argues that Salvetti's claims under the Virginia Occupational Safety and Health Act are untimely because he did not file a discrimination complaint until more than 60 days after the alleged retaliation. ECF 45 at 7-8. Here, Plaintiff claims that the retaliation took place, at the latest, during "peak seasons in 2021 and 2022." ECF 43 at 2. His complaint with VOSH was not filed until August 15, 2023. ECF 1-1 at 22. As VOSH found, Plaintiff is thus barred from bringing an action under VOSH. *Id.* (quoting Va. Code § 40.1-51.2:2) ("The employee shall be prohibited from seeking relief under this section if he fails to file such complaint within the 60-day time period."). Salvetti claims in his opposition that he did not become aware of Defendant's retaliation until 2023. ECF 48 at 3. This argument flies in the face of his own complaint, as he

4

would have necessarily been aware of the retaliatory actions taken against him, which dealt with his day-to-day work.

Plaintiff's VWPA claim is also untimely.[2] As described, that statute requires a plaintiff to file suit within one year of an "employer's prohibited retaliatory action." Va. Code § 40.1-27.3(A)(1). The last retaliatory action referenced in Plaintiff's Complaint is his August 17, 2023 termination. ECF 43 at 3. But his state court complaint in this action was not filed until August 26, 2024, more than one year later. *See* ECF 1-1. In response, Plaintiff points to the allegation that he filed another whistleblower complaint on July 11, 2023, but it is unclear how this changes the calculus at all regarding the more-than-one year period between his termination and his initial complaint. *See* ECF 48 at 3.

Because all of Plaintiff's Virginia-law retaliation claims were filed too late, they should be dismissed. And because the deficiency in Plaintiff's Complaint involves his failure to exhaust state remedies and filing outside of the statute of limitations, amendment would be futile and dismissal of Plaintiff's second claim shall be with prejudice. *See Harden v. Budget Rent A Car Sys., Inc.*, 726 F. Supp. 3d 415, 440-441 (D. Md. 2024).

### C. Motion for Extension of Time

Because the Court has not relied on Plaintiff's failure to abide by this Court's deadlines in striking in part his Amended Complaint, Plaintiff's motion for and extension of time (which was not filed until well after he filed his Amended Complaint) will be denied as moot.

## III. CONCLUSION

For the foregoing reasons, it is hereby

---

[2] Defendant argues that this claim is barred as the VOSH Act provides his exclusive remedy, a claim this Court need not reach. *Cook v. Roanoke Elec. Steel. Corp.*, 2023 WL 3059160, at *7 n.14 (W.D. Va. Apr. 24, 2023).

**ORDERED** that Defendant's Motion to Strike or in the Alternative Dismiss (ECF 44) is **GRANTED**; and it is further

**ORDERED** that Counts I and III of Plaintiff's Amended Complaint are **STRUCK**; and it is further

**ORDERED** that Count II of Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Plaintiff's Motion for an Extension of Time (ECF 53) is **DENIED** as moot.

The Clerk is directed to mail a copy of this memorandum and order to Plaintiff, *pro se*, and to close this civil action.

To appeal this decision, Plaintiff must file a Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order, including in the NOA the date of the Order the plaintiff wants to appeal and stating that the appeal will be taken to the United States Court of Appeals for the Fourth Circuit. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely NOA waives the right to appeal this Order.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

April 14, 2025
Alexandria, Virginia